UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


TORIS OLIVER,

      Petitioner,

-vs-                               Case No.  6:12-cv-1147-Orl-28TBS


SECRETARY, DEPARTMENT
  OF CORRECTIONS,  et al.,

      Respondents.

_____/

## ORDER

      This case is before the Court on the amended petition for habeas corpus relief (Doc. No. 9) filed by Toris Oliver pursuant to 28 U.S.C. section 2254.  Respondents filed a response to the amended petition (Doc. No. 13), and Oliver filed a reply (Doc. No. 15) and an amended reply (Doc. No. 17) to the response.

      Oliver alleges seven claims for relief in his habeas petition:   (1) there was insufficient evidence to support his convictions; (2) the trial judge in his case should have been disqualified; (3) the trial court erred by consolidating two of his underlying criminal cases; (4) he received ineffective assistance of appellate counsel; (5) he received ineffective assistance of trial counsel because counsel failed to object to improper and prejudicial comments by the prosecutor; (6) he received ineffective assistance of trial

counsel because counsel failed to object to cumulative testimony; and (7) the trial court failed to properly review his newly discovered evidence claim.

I.    *Procedural History*

The State charged Oliver and Kyle Keys by indictment with first degree murder, armed robbery, and fraudulent use of a credit card. A fourth charge of accessory after the fact was later consolidated. A jury found Oliver guilty as to all counts. The trial court denied Oliver's motion for a new trial but dismissed the accessory after the fact conviction as a violation of Double Jeopardy. The trial court adjudicated Oliver guilty of the crimes and sentenced him to life imprisonment. Oliver filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Oliver next filed a petition for writ of habeas corpus with the state appellate court, which was denied.

Oliver then filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Oliver appealed the denial, and the state appellate court affirmed the denial *per curiam*. Oliver filed a second Rule 3.850 motion, which was denied. The state appellate court affirmed the denial *per curiam*.

2

## II.    Legal Standards

### A.    Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

The instant habeas corpus petition is governed by the AEDPA.    Under the AEDPA, if a claim was adjudicated on the merits in state court, habeas corpus relief can only be granted if the state court's adjudication results in one of two outcomes. It must have either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has stated that a "state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005).    Moreover, a "state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Id.* Section 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the

3

benefit of the doubt." *Cullen v. Pinholster,* 131 S. Ct. 1388, 1398 (2011) (citations omitted) (quotations omitted).

## B.    *Standard for Ineffective Assistance of Counsel*

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel.  U.S. Const., amend. VI; *Strickland v. Washington,* 466 U.S. 668, 684–86 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate:  (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result of that deficient performance.  *Strickland,* 466 U.S. at 687–88.  A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test.  *Johnson v. Alabama,* 256 F.3d 1156, 1176 (11th Cir. 2001).  Further, the Court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland,* 466 U.S. at 697.  To meet the deficient performance prong of *Strickland,* the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id.* at 687.  There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance.  *Id.* at 689. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases.  *Id.*

Under *Strickland,* a petitioner pursuing a claim of ineffective assistance of counsel must also demonstrate prejudice.  *Purvis v. Crosby,* 451 F.3d 734, 743 (11th Cir. 2006). Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693. Rather, he must show that the result would have been different. *Id.*

Because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, it follows that when the two apply in tandem, review is doubly so." *Morton v. Sec'y, Fla. Dept. of Corr.*, 684 F.3d 1157, 1167 (11th Cir. 2012) (citation omitted) (quotation omitted).

## III.   *Analysis*

### A.   *Claim One*

Oliver argues that there was insufficient evidence to support his convictions and that his trial counsel was ineffective for failing to argue specific facts in support of his motion for a judgment of acquittal. This claim was raised on direct appeal and in Oliver's Rule 3.850 motion.

On federal habeas review, the question for the Court concerning the sufficiency of evidence in a state court proceeding is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). For a judgment of acquittal to be properly denied, it is not necessary that all facts favor the prosecution. *See Cosby v. Jones*, 682

5

F.2d 1373, 1383 n. 21 (11th Cir. 1982) (finding that "[t]he simple fact that the evidence gives some support to the defendant does not demand acquittal.").

The trial court summarized the evidence in this case in its order denying Oliver's second Rule 3.850 motion:

> Evidence used to prove Defendant's guilt at the time of trial includes the following:  that Defendant told his girlfriend at the time that he fired shots in the air, while Keys ultimately shot and killed the victim, proving that Defendant had control of the gun; that the gun used in the commission of the offense belonged to Defendant; witnesses testified that they heard shots around 10:15pm, and Defendant used the victim's credit card at 10:22pm, demonstrating that there was not much time between the gunshots and the use of the stolen credit card; and that Defendant told a friend that Keys had murdered a woman.[1]

App. R. at 3-4.

In light of the evidence presented at trial, the Court concludes that the evidence, when viewed in a light most favorable to the State and after resolving all conflicts in favor of the prosecution, mandates the denial of Oliver's claim.  *See Machin v. Wainwright*, 758 F.2d 1431, 1435 (11th Cir. 1991) (the federal habeas court must presume that conflicting inferences to be drawn from the evidence were resolved by the trier of fact in favor of the prosecution).  There was sufficient evidence to convict Oliver of the crimes, and the trial court did not violate Oliver's constitutional rights by denying his motion for a judgment of acquittal.

---

[1]Keys was Oliver's roommate and, as noted, a co-defendant in the underlying criminal case.  Keys testified at trial on behalf of Oliver.  *See* App. B at 378-79.  Keys' trial was scheduled after Oliver's trial, and the record does not reflect the outcome.

As to the ineffective assistance of counsel claim, the record reveals that counsel did move for a judgment of acquittal: "At this particular time we move for judgment of acquittal on count one, murder homicide. State hasn't proved my client, according to the elements listed in the indictment is the perpetrator or principal in this particular cause in the shooting of Ms. Culin." *See* App. B at 353. Counsel's argument, while limited, preserved the challenge to the sufficiency of the evidence for review on direct appeal. Oliver has not demonstrated that additional argument on the matter would have made a difference in the trial court's ruling or the appellate court's decision to affirm.

Oliver has failed to demonstrate that the state court's decision rejecting this claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects claim one.

B.    *Claim Two*

Oliver argues that the trial judge in his case should have been disqualified. This claim was raised in Petitioner's direct appeal.

In this claim, Oliver does not allege any violation of the United States Constitution or federal law. Under 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court

7

only *on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.* Oliver's failure to plead such a violation warrants the denial of this claim.

Moreover, Oliver has not shown that there was any basis to disqualify the trial judge in his case. Clearly, Oliver has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, the Court rejects this claim.

C. *Claim Three*

Oliver argues that the trial court erred by consolidating two of his underlying criminal cases. This claim was raised in Oliver's direct appeal.

Oliver does not allege any violation of the United States Constitution or federal law. Oliver's failure to plead such a violation warrants the denial of this claim.

Further, the trial court held a hearing on the matter and found that there was no new evidence or witnesses necessary to establish the charge and that there would be no prejudice to Oliver. *See* App. A at 38. Moreover, the accessory conviction was later vacated by the trial court, and any error was not prejudicial.

Under the circumstances, it cannot be said that the state court's denial of this claim was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Oliver is not entitled to federal habeas relief on this claim.

8

D.    *Claim Four*

Oliver argues that he received ineffective assistance of appellate counsel because appellate counsel failed "to challenge the State's Answer brief." *See* Doc. No. 9 at 9.  In particular, Oliver claims that appellate counsel should have filed a reply brief addressing the State's response to his argument that the trial court erred in denying his motion for judgment of acquittal.

The initial brief contained a thorough argument on the issue of whether the trial court erred in denying Oliver's motion for judgment of acquittal.  A reply brief is not required under Florida's rules of appellate procedure. *See Larsen v. State*, 693 So.2d 53, 54 (Fla. 4th DCA 1997) (holding that "appellate counsel cannot be deemed to have rendered ineffective assistance by failing to . . . file a reply brief, which is not even required.") (citing *Strickland v. Washington*, 466 U.S. 466 (1984)); *see also Resnover v. Pearson*, 965 F.2d 1453, 1462 (7th Cir. 1992) (appellate counsel's failure to file a reply brief to correct inaccurate statements of fact contained in the state's brief did not prejudice the rights of the petitioner); *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir.1986) (upholding the district court's use of the *Strickland* standard in rejecting a claim of ineffective assistance of appellate counsel, the circuit court found that "the failure to file a reply brief or to appear at oral argument does not prevent review of the issues raised on appeal.").  Oliver has not demonstrated that appellate counsel's failure to file a reply brief prevented review of the issues raised on appeal.  In addition, he has not shown that the outcome of his appeal would have been different had appellate

9

counsel filed a reply brief or otherwise demonstrated prejudice to the defense. Thus, Oliver has failed to meet the either prong of *Strickland,* and the Court concludes that this claim lacks merit.

E.     *Claim Five*

Oliver argues that he received ineffective assistance of trial counsel because counsel failed to object to improper and prejudicial comments by the prosecutor.  He mentions comments made by the prosecutor during closing argument.   Oliver identified the prosecutor's comment that the murder was committed for "potato chips and gas," the prosecutor's purported misrepresentation of the law with regard to felony murder, and the prosecutor's alleged mischaracterization of the evidence.  This claim was raised in Oliver's first Rule 3.850 motion, and it was denied because none of the comments rose to the level of fundamental error and because there had been no showing of prejudice.

In order to find prosecutorial misconduct, a two-pronged test must be satisfied: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant.  *Muhammad v. McNeil,* 352 F. App'x 371, 375 (11th Cir. 2009) (citations omitted) (quotation omitted).  The prosecutor's comments must have "so infected the trial with unfairness as to make the resulting conviction [or sentence] a denial of due process." *Id.* (citations omitted) (quotation omitted).  There is a denial of due process "when there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that, but for the improper remarks,

10

the outcome of the proceeding would have been different." *Id.* (citations omitted) (quotation omitted). A denial of due process occurs when prosecutorial misconduct renders a trial fundamentally unfair. *Id.*

Here, the comments identified by Oliver were fair comment on the law and evidence presented, and the prosecutor did not misstate the law regarding felony murder. The prosecutor's comments in this case, viewed in light of the trial as a whole, did not result in a fundamentally unfair proceeding. Additionally, the trial court clearly and correctly instructed the jury that what the lawyers said during opening statement and closing argument was not evidence in the case and should not be considered as such, and that the case must be decided only upon the evidence presented at trial. *See* App. B at 7-8, 472.

Alternatively, even assuming *arguendo* that Oliver has shown improper prosecutorial comments, the substantial evidence of Oliver's guilt defeats any showing of prejudice. Moreover, the trial court instructed the jury that Oliver was presumed innocent, that the State carried the burden of proof, and that the defense had no burden whatsoever. *Id.* at 557-58. Thus, there is no reasonable probability that the result of the trial would have been different if the now-challenged comments had not occurred.

Since Oliver is not entitled to relief based on improper prosecutorial comments, his attorney's failure to object to such comments was reasonable conduct under the circumstances. However, even if Oliver's counsel was deficient for failing to object, the comments themselves did not render the trial fundamentally unfair. Oliver has not

shown that, had his attorney objected contemporaneously to the comments, the outcome would have been any different. As such, the decision by the state courts on this claim is not in conflict with clearly established federal law or based on an unreasonable determination of the facts.

F.     *Claim Six*

Oliver argues that he received ineffective assistance of trial counsel because counsel failed to object to cumulative testimony. He states that the State called unnecessary witnesses and that their testimony overlapped to a prejudicial extent. This claim was raised in Oliver's first Rule 3.850 motion, and it was denied because, while some of their testimony was overlapping, each witness had a unique perspective on the events that occurred.

The record reveals that each witness had a distinctive perspective regarding the events in question. Kevin Seepersad heard screams and shots in a sequence similar to other witnesses but his testimony also revealed that his car was struck with one of the bullets. App. B at 38-39. Christina Burke heard a scream of rape that others did not. *Id.* at 61. Sheila O'Bannon heard a woman cry out, "please don't shoot me." *Id.* at 73. Christopher Payne witnessed the immediate aftermath of the shooting and called 911. *Id.* at 67. Natalie Jones and Maria Ros saw an individual running from the scene immediately after the shooting. *Id.* at 139-40, 163-64.

Clearly, each witness related the full version of events from his or her perspective in order to give their observations a logical context. Trial counsel was not

12

ineffective for failing to object to the testimony of these witnesses, which Oliver describes as cumulative. Moreover, there has been no showing of prejudice. As a result, Oliver fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in denying relief on this claim in his Rule 3.850 motion. *See* 28 U.S.C. § 2254 (d)(1), (2).

### G.   *Claim Seven*

Oliver argues that the trial court failed to properly review his newly discovered evidence claim. According to Oliver, Xavier Lewis, a fellow inmate who had been housed with Mr. Keys, told Oliver that Mr. Keys told him (Mr. Lewis) that Oliver knew nothing about the murder or robbery. This claim was raised in Oliver's second Rule 3.850 motion and was denied because the "alleged newly discovered evidence is not of the type that would probably produce an acquittal on retrial." App. R at 2.

A claim of actual innocence based on newly discovered evidence is not cognizable in habeas proceedings because federal habeas relief is designed to rectify constitutional violations, rather than factual errors. *See Herrera v. Collins*, 506 U.S. 390, 390–91 (1993) ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings."). Oliver has not asserted that a constitutional violation occurred in the course of his trial, and, thus, he fails to state a cognizable claim for federal habeas corpus relief.

13

Nevertheless, even assuming that this claim is cognizable, Oliver has not shown that he is entitled to relief. Oliver would have to demonstrate that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In other words, Oliver must show it is probable that, given the new evidence, no reasonable juror would have convicted him. *See House v. Bell*, 547 U.S. 518, 538 (2006).

The statements of Mr. Lewis in his affidavit are wholly unconvincing and are not sufficiently credible to overcome the substantial evidence of Oliver's guilt.[2] Mr. Lewis' testimony would not have changed the fact that Oliver's gun killed the victim and that Oliver used the victim's credit card almost immediately after the killing. Oliver's own conflicting testimony (shooting his gun into the air) and the testimony of his girlfriend also contradict Mr. Lewis' hearsay version of events. Further, Mr. Lewis is a convicted felon who was incarcerated with Oliver, which calls his credibility into question. Therefore, Oliver has failed to demonstrate that, in light of this evidence, no reasonable juror would have convicted him.

Moreover, Oliver has not shown that the state court's adjudication of his newly discovered evidence claim was contrary to or an unreasonable application of clearly

---

[2]In addition, "affidavits alone are not a promising way to demonstrate actual innocence. Though sworn, they are not convincing evidence of innocence because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." *Mize v. Hall*, 532 F.3d 1184, 1197 (11th Cir. 2008) (citation omitted) (quotation omitted).

established federal law.   Nor has he shown that the ruling was based on an unreasonable determination of the facts.  Accordingly, this claim is denied.

Any of Oliver's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.     The Amended Petition for Writ of Habeas Corpus (Doc. No. 9) filed by Toris Oliver is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.     This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Oliver has failed to make a substantial showing of the denial of a

constitutional right.[4]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE  AND  ORDERED** in Chambers in Orlando, Florida, this 31 day of January, 2014.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 1/29
Toris Oliver
Counsel of Record

---

[4]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts,*

The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.